UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANLIN INDUSTRIES, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAUL BURGESS,<br><br>　　　　　　Defendant. | 1:05cv1317 REC DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PORTION OF ANSWER AND COUNTERCLAIM<br><br>ORDER GRANTING DEFENDANT LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM<br><br>(Document 18) |

　　　　On February 22, 2006, Plaintiff Anlin Industries, Inc. ("Plaintiff") filed the instant motion to strike certain portions of the Answer and Counterclaim filed by Defendant and Counter complainant Paul Burgess ("Defendant"). A hearing on the motion was held on May 5, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michele Engnath appeared on behalf of Plaintiff and Defendant appeared pro se.

**BACKGROUND**

　　　　On October 19, 2005, Plaintiff filed a Complaint against Defendant alleging violations of the Anticybersquatting Consumer Protection Act, infringements of federally registered trademarks in violation of 15 U.S.C. § 1114(1), unfair competition in violation of Section 43(a) of the Langham Act, 15 U.S.C. § 1125(a), and trademark infringement and unfair competition

1 under California law.  These allegations are based on Defendant's registration and use of domain
2 names alleged to be identical or confusingly similar to Plaintiff's federally registered and
3 unregistered trademarks and trade names.

4 On January 12, 2006, Defendant filed an Answer and Counterclaim where he alleges that
5 (1) Plaintiff gave him its "blessing" for success with his website, (2) that Defendant registered
6 www.anlinwindows.com prior to when Plaintiff's federal trademark registration was issued; (3)
7 that Plaintiff contacted the authorized dealer whose contractor's license was posted on
8 Defendant's www.anlinwindows.com website and improperly demanded that the dealer forbid
9 Defendant from using its license number and stop taking sale referrals from that website.  If the
10 dealer did not comply, Plaintiff would discontinue shipment of windows to the dealer.

11 The Defendant's Counterclaim sets forth the following six counts: negligence, tortuous
12 interference with contract, interference with prospective economic advantage, intentional
13 interference with the right to pursue a lawful business, intentional infliction of emotion distress
14 and negligent infliction of emotional distress.

15 On February 22, 2006, Plaintiff filed a Motion to Strike from Defendant's Answer and
16 Counterclaim the following:

> (1) paragraphs 19 through 22 of the Counterclaim in their entirety,
> (2) the portion of paragraph 24 of the Counterclaim beginning at line 12 on page 23 to its end,
> (3) the portion of paragraph 45[1] of the Answer beginning at line 27 on page 8 to its end, and
> (4) the portion of paragraph 51[2] of the Answer beginning at line 6 on page 10 to

---

[1] "45. Defendant denies the allegations in paragraph 45. Defendant and Plaintiffs' vice president Eric Vidar, had a contingent oral agreement for the Plaintiff to purchase the Defendants' www.anlinwindows.com domain name for the amount of one-hundred thousand dollars.  This agreement was subject to Plaintiffs' attorney's approval.  Plaintiff's attorney advised Eric Vidar, not to acquire Defendant's website for one-hundred thousand dollars.  Plaintiff's attorney then spoke with the defendant once again whereas, she continued making threats and finally made an offer to the Defendant in the amount of twenty-five thousand dollars.  The Plaintiff's attorney explained the offer by saying that, "she would earn twenty-five thousand dollars in legal fees," therefore; she offered that amount to the Defendant for resolution.  The Defendant did not accept Plaintiff's attorney's offer, because the Defendant earned a little over ninety-two thousand dollars the prior year as a traveling sales representative marketing Plaintiff's windows to consumers in Northern and Southern California."  See Doc.13, at 8-9.

[2] "51. Defendant denies the allegations in paragraph 51. Defendant and Plaintiff's vice president Eric Vidar had a contingent oral agreement for Plaintiff to acquire Defendant's website for one-hundred thousand dollars.  This agreement was subject to Plaintiff's attorney's approval.  Plaintiff's attorney advised Eric Vidar, not to acquire Defendant's website for one-hundred thousand dollars.  Plaintiff's attorney then spoke with defendant once again

its end.

Plaintiff argues the language in these paragraphs is immaterial and/or impertinent information which is prejudicial to Plaintiff because the matters describe pre-litigation settlement discussions, offers and conduct.

Defendant does not oppose striking the referenced paragraphs from the Counterclaim but argues the language in paragraphs 45 and 51 of the Answer are necessary to respond to paragraphs 45 and 51 of the Complaint alleging that,

> Plaintiff registered, trafficked in and/or used each of the 2004 Domain Names with a bad faith intent to profit from the sale of the 2004 Domain Names by selling such Domain names to Plaintiff or authorized dealers or distributors of Plaintiff.

Complaint at ¶ 45.  Defendant argues the disputed language in his Answer is necessary due to the "negative way in which Plaintiff words paragraph 45 [and 51 of Plaintiff's complaint]." Defendant contends that if paragraphs 45 and 51 are stricken from the Answer he will suffer prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 12 (f) provides:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Federal Rule of Evidence, Rule 408 states, in part, that:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

---

whereas, she continued to make threats and finally made an offer to the Defendant in the amount of twenty-five thousand dollars.  The Plaintiffs' attorney explained that she would earn twenty-five thousand dollars in legal fees; therefore, she office red that amount to Defendant for resolution.  The Defendant did not accept Plaintiffs' attorney's officer, because the Defendant earned approximately ninety-two thousand dollars the prior year as a traveling sales representative marketing Plaintiffs' windows to consumers in Northern and Southern California." See Doc. 13, at 10.

The statements in paragraphs 45 and 51 of Defendant's Answer describe settlement discussions, evidence of which is inadmissable under Rule 408.  The addition of these statements in the Answer improperly places the settlement discussions at issue and therefore should be stricken from the pleading pursuant to Rule 12(f).

The statements are also unnecessary to deny Plaintiff's allegations.  At the pleading stage, a general denial of the allegation is all that is required to controvert the material allegations of the complaint.  The answer must simply, "in short and plain terms" admit or deny each of the material allegations raised in the complaint and set forth all affirmative defenses to the claims asserted.  *See* Fed.R.Civ.Proc. 8(b).  Defendant has denied the allegations of paragraphs 45 and 51 of the Complaint and therefore the additional description of the settlement discussions is unnecessary.

Accordingly, Plaintiff's motion to strike paragraphs 45 and 51 of the Answer is HEREBY GRANTED.  Plaintiff's motion to strike paragraphs 19-22 and 24 of the Counterclaim is also granted.  Defendant is granted 20 days from the date of service of this order in which to file an Amended Answer and Counterclaim consistent with this Order.

IT IS SO ORDERED.

Dated:   May 8, 2006                              /s/ Dennis L. Beck
3b142a                                         UNITED STATES MAGISTRATE JUDGE