1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANLIN INDUSTRIES, INC., a California corporation | ) | 1:05cv1317 DLB |
| | ) | |
| | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S MOTION** |
| | ) | **TO DISMISS COUNTERCLAIMS** |
| | ) | (Document 49) |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT LEAVE** |
| v. | ) | **TO FILE AMENDED COUNTERCLAIMS** |
| | ) | |
| PAUL BURGESS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 20, 2006, Plaintiff Anlin Industries, Inc. ("Plaintiff") filed the instant motion to dismiss the counterclaims filed by Defendant Paul Burgess ("Defendant"). Pursuant to Local Rule 78-230(h), the Court deems the motion proper for determination without oral argument.

## **BACKGROUND**

On October 19, 2005, Plaintiff filed a complaint alleging the following: (1) violations of the Anticybersquatting Consumer Protection Act; (2) infringements of federally registered trademarks in violation of 15 U.S.C. § 1114(1); (3) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) trademark infringement under state common law; (5) trademark infringement under California law; and (6) unfair competition under state common law. These allegations are based on Defendant's registration and use of domain names

1  alleged to be identical or confusingly similar to Plaintiff's federally registered and unregistered

2  trademarks and trade names.

3      Defendant filed his answer and counterclaim on January 12, 2006.  After the Court

4  granted Plaintiff's motion to strike portions of the answer and counterclaim, Defendant filed an

5  amended answer and counterclaim on May 19, 2006.  He filed his second amended answer and

6  counterclaim on June 6, 2006, alleging (1) negligence; (2) tortious interference with contract; (3)

7  interference with prospective economic advantage; (4) intentional interference with right to

8  pursue a lawful business; (5) intentional infliction of emotional distress; and (6) negligent

9  infliction of emotional distress.[1]

10     Plaintiff filed the instant motion to dismiss the counterclaims pursuant to Federal Rule of

11 Civil Procedure 12(b)(6) on June 20, 2006.  Defendant filed his opposition on July 3, 2006.

12 Plaintiff filed its reply on July 12, 2006.  Also on July 12, 2006, without leave of Court,

13 Defendant filed an amended answer and counterclaim, which has been stricken from the record.

14                          **FACTUAL BASIS FOR COUNTERCLAIMS**

15     Defendant alleges that he began selling windows manufactured by Plaintiff in September

16 1999, and in April 2001, he registered the domain name www.anlinwindows.com to "educate

17 consumers about Plaintiff's window products and to promote his business of selling the

18 Plaintiff's windows."  Defendant further alleges that in October 2003, he received a telephone

19 call from Plaintiff's vice president, Eric Vidmar, inquiring about the website.  Plaintiff contends

20 that Mr. Vidmar gave Defendant his "blessings" for the website and wished him continued

21 success.

22     In February 2005, Defendant received a phone call from Plaintiff's attorney, who

23 requested that Defendant change the banner of his website, which he did.  A week later,

24 Defendant received a cease and desist letter in which his job was threatened.  Defendant contends

25 that despite the fact that he made the requested changes, Plaintiff "wanted to take over ownership

26 of the domain name www.anlinwindows.com."

27

28
    [1] Defendant requests the following damages: (1) all income lost since August 2005; (2) $18,412,668 for lost future income for the next 31 years, until he reaches age 65; (3) punitive damages; and (4) costs.

2

1    In July 2005, Plaintiff's attorney called Brad Grenell, owner of Better Quality Homes and

2  whose information is posted on Defendant's site, and "harassed" him to have the information

3  removed from Defendant's website.  Defendant removed the information.

4    Defendant then received a fax from Plaintiff's attorney indicating that because Better

5  Quality Homes had terminated its relationship with Defendant, the statement on his website that

6  he was operating under an authorized Anlin dealer was no longer accurate.  Defendant spoke

7  with Mr. Grenell, who confirmed that Defendant was not allowed to sell the windows, although

8  he could continue to install them.  Defendant contends that as of July 2005, he was no longer

9  able to use www.anlinwindows.com to generate business because Mr. Grenell and other

10  authorized dealers would no longer accept business generated by the website "due to fear of

11  harassment and retaliation by the Plaintiff."

12                                **DISCUSSION**

13  A.    Procedural Posture of Plaintiff's Motion

14    Prior to reviewing the merits of Plaintiff's motion, the Court must address Defendant's

15  contention that the motion is procedurally improper.  Rather than responding to the substantive

16  issues raised in Plaintiff's motion, Defendant argues that since Plaintiff previously filed a Rule

17  12 motion, the instant Rule 12(b)(6) motion should have been brought pursuant to the methods in

18  Rule 12(h)(2).  However, a Rule 12(b)(6) motion is not subject to the Rule 12(g) consolidation

19  requirement and may be made at any time through trial.  Fed. Rule Civ. Proc. 12(g), 12(h)(2).

20  Plaintiff's motion is therefore procedurally proper.

21  B.    Legal Standard

22    Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may

23  be granted if the cause of action lacks a cognizable legal theory or there is an absence of

24  sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901

25  F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the

26  court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex

27  Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

28  the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v.

                                        3

1    <u>McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), <u>Parks School of Business, Inc.</u>

2    <u>v. Symington</u>, 51 F.3d 1480 1484 (9th Cir. 1995).  A motion to dismiss for failure to state a

3    claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts

4    in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S.

5    69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt</u>

6    <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

7    C.     <u>Analysis</u>

8           1.     First Counterclaim - Negligence

9           Defendant's First Counterclaim states:

10          Plaintiff used whatever means necessary to destroy the Defendant's working and
            beneficial relationship with Better Quality Homes and any other authorized Anlin
11          Distributors.  This negligence caused injury and harm to the Defendant's business and
            self.
12
13          To state a cause of action for negligence under California law, a plaintiff must allege (1)

14   that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached this duty;

15   (3) proximate cause; and (4) harm.  <u>County of Santa Clara v. Atlantic Richfield Co.</u>, 137

16   Cal.App.4th 292, 318 (2006); <u>Management Activities, Inc. v. U.S.</u>, 21 F.Supp.2d 1157, 1174

17   (C.D. Cal. 1998).

18          Plaintiff argues that Defendant fails to state any facts giving rise to a duty owed to him by

19   Plaintiff that would prohibit Plaintiff from refusing to sell its products to Defendant or his dealer,

20   or from threatening to do so.  In fact, Plaintiff argues that a manufacturer may discontinue

21   dealing with a distributor for business reasons which are sufficient to the manufacturer, and any

22   adverse effect on the business of the distributor is immaterial absent any arrangement restraining

23   trade or competition.  <u>Ricchetti v. Meister Brau, Inc.</u>, 431 F.2d 1211, 1214 (9th Cir. 1970).

24          As drafted, Defendant's counterclaim fails to state a cause of action for negligence.

25   Defendant fails to allege that Plaintiff owes a legal duty to Defendant.  Although it is not clear if

26   this defect can be remedied, given Defendant's status as a pro se litigant, the Court will allow

27   Plaintiff the opportunity to amend the claim.

28   ///

1        2.      Second Counterclaim- Tortious Interference with Contract

2        Defendant's Second Counterclaim states:

3        Defendant had an ongoing business relationship with Better Quality Homes that was
    mutually beneficial for both parties.  The Plaintiff knew about the business relationship
4        and the Plaintiff breached it.  The Plaintiff has damaged the business relationship between
    Defendant and Better Quality Homes.  The Defendant has suffered past, is suffering
5        present and will suffer future economic loss.

6        To state a cause of action for interference with contract under California law, a plaintiff

7    must allege (1) a valid contract between the plaintiff and a third party; (2) that the defendant had

8    knowledge of this contract and intended to induce its breach; (3) that the contract was breached;

9    (4) that the breach was caused by the defendant's wrongful and unjustified conduct; and (5) that

10   the plaintiff suffered damage.  Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.,

11   7 F.3d 1434, 1442 (9th Cir. 1993); Farmers Ins. Exchange v. State of California, 175 Cal.App.3d

12   494, 506 (1985).

13       Plaintiff contends, and the Court agrees, that Defendant's allegation of an "ongoing

14   relationship" is not sufficient to allege the existence of a contract.  Defendant also fails to

15   demonstrate wrongful and unjustified behavior.  Defendant will be given an opportunity to

16   amend this counterclaim.

17       Plaintiff also raises the affirmative defenses of justification and the litigation privilege in

18   support of its motion.  Plaintiff argues that the allegations of the counterclaim demonstrate that

19   Plaintiff's actions were not wrongful or unjustified, and that the statements made by Plaintiff and

20   its counsel were made "shortly before and in contemplation of this litigation" and therefore

21   cannot form the basis of Defendant's claim.  Pl.'s Mot. Dismiss, at 5.

22       Under Rule 12(b)(6), a claim can be dismissed based on the application of an affirmative

23   defense only where the application of the defense is apparent on the face of the complaint.

24   Groten v. California, 251 F.3d 844, 851 (9th Cir.2001).  Whether Plaintiff's actions were not

25   wrongful or unjustified is partly a factual determination that cannot be determined on the face of

26   Defendant's counterclaims and, in any event, is a determination that cannot be made at this point

27   in the litigation as Defendant will have an opportunity to amend.

28

1    In support of the application of the litigation privilege recognized in California Civil

2  Code section 47(b), Plaintiff cites California case law for the proposition that prelitigation

3  statements are protected under section 47(b) when the statement is made in connection with a

4  proposed litigation that is contemplated in good faith and under serious consideration.  Blanchard

5  v. DIRECTV, Inc., 123 Cal.App.4th 903, 919 (2004).  Plaintiff therefore argues that the

6  conversations between Plaintiff, Plaintiff's counsel and Defendant regarding his use of the web

7  sites at issue are protected and cannot be used to state a claim for interference with contract or

8  otherwise impose tort liability on Plaintiff.

9    The privilege has been broadly construed by the California courts to include demand

10  letters and other prelitigation communications by attorneys.  See Rubin v. Green, 4 Cal.4th 1187,

11  1193-1194 (1993); Knoell v. Petrovich, 76 Cal.App.4th 164, 169 (1999).  While it appears that

12  the communications that form the basis of Plaintiff's interference with contract claim and other

13  claims may be protected by the litigation privilege, such a determination cannot be made until

14  Defendant has an opportunity to amend. .

15    3.    Third Counterclaim- Interference with Prospective Economic Advantage

16    Defendant's Third Counterclaim states:

17    The Defendant and Better Quality Homes had a current and future beneficial economic
      relationship, that was destroyed solely do [sic] to Plaintiffs' misconduct.  Plaintiff had
18    knowledge of this relationship and intentionally disrupted the relationship.  Plaintiff has
      disrupted the relationship and has caused past, present and future economic loss to the
19    Defendant.

20    To prevail on a cause of action for intentional interference with prospective economic

21  advantage in California, a plaintiff must plead and prove (1) an economic relationship between

22  the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

23  (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to

24  disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the

25  plaintiff proximately caused by the defendant's acts.  Reeves v. Hanlon, 33 Cal.4th 1140, 1152 n.

26  6 (2004).

27    Plaintiff argues that Defendant has not alleged any wrongful conduct beyond the fact of

28  the interference itself.  Penna v. Toyota Motor Sales, USA, Inc., 11 Cal.4th 376, 393 (1995)

1  (plaintiff must plead and prove that the defendant's interference was wrongful "by some measure

2  beyond the fact of the interference itself").  Plaintiff is correct.  Defendant has only alleged that

3  the relationship was destroyed by Plaintiff's "misconduct," a term that does not appear to include

4  any actions beyond the alleged interference.  Defendant has therefore failed to state a claim for

5  intentional interference with prospective economic advantage and he will be give an opportunity

6  to amend.

7      4.    Fourth Counterclaim- Intentional Interference with Right to Pursue Lawful
           Business
8

9      Defendant's Fourth Counterclaim states:

       Plaintiff intentionally interfered with Defendant's lawful business with Better Quality
10     Homes because the Defendant wouldn't bend to their wishes.

11     As Plaintiff argues, this cause of action does not appear to be a cognizable legal theory.

12 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on

13 the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

14 legal theory.").  Defendant will be given leave to amend this counterclaim, to the extent he can

15 state a cause of action that is distinct from a claim for intentional interference with contract

16 and/or prospective economic advantage.

17     5.    Fifth Counterclaim- Intentional Infliction of Emotional Distress

18     Defendant's Fifth Counterclaim states:

19     Plaintiff intentionally caused Defendant's emotional distress by "softening him up,"
       according to Plaintiff's Vice President Eric Vidmar.  Through threats and actions which
20     cause the Defendant distress in feeding his 3 month old son and paying his bills when the
       Defendant refused to just give the Plaintiff his domain name www.anlinwindows.com.
21     Over the past year, the Defendant has been harassed through telephone and fax
       communications whereas the Plaintiff's attorney gloats over the fact that, "As far as Anlin
22     is aware, the statement that you operate under an authorized Anlin Window System
       Distributor is no longer accurate.  Brad Grenell at Better Quality Homes, has told me that
23     he has terminated his relationship with you as a sales representative.  Hence, Anlin
       requests that you identify which Anlin dealer or distributor you claim to be associated.
24     Anlin does not believe any association exists as it has been unable, after effort, to locate
       any of its dealers with whom you have a relationship."
25
       To state a cause of action for intentional infliction of emotional distress under California
26
   law, a plaintiff must allege (1) outrageous conduct by the defendant; (2) that the defendant
27
   intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3)
28

1  severe emotional distress; and (4) causation.  Angie M. v. Superior Court, 37 Cal.App.4th 1217,

2  1225-1226 (1995).  "Outrageous" conduct is that which is so extreme that it exceeds all bounds

3  usually tolerated in a civilized society.  Id.

4        Plaintiff argues that Defendant has failed to allege facts sufficient to constitute both the

5  elements of outrageous conduct and resulting severe emotional distress.  Indeed, Defendant only

6  cites conduct by Plaintiff's former attorney, which certainly doesn't appear to rise to the level of

7  conduct that exceeds all bounds usually tolerated in a civilized society.  Moreover, a party is not

8  subject to liability for infliction of emotional distress when it has merely pursued its own

9  economic interests and properly asserted its legal rights.  Kruse v. Bank of America, 202

10  Cal.App.3d 38, 67 (1988).

11        Similarly, Defendant's allegations of emotional distress state only that he was distressed

12  in "feeding his 3 month old son and paying his bills."  As Plaintiff points out, the mere allegation

13  of emotional distress, without facts indicating the nature or extent of any mental suffering

14  incurred as a result, fails to state a cause of action for intentional infliction of emotional distress.

15  Pitman v. City of Oakland, 197 Cal.App.3d 1037, 1047 (1988).  Defendant will be given an

16  opportunity to amend this counterclaim, if such an amendment is possible.

17        6.        Sixth Counterclaim- Negligent Infliction of Emotional Distress

18        Defendant's Sixth Counterclaim states:

19        Plaintiff was negligent in its actions attempting to "soften me up," and force me to turn
          over the domain name www.anlinwindows.com to it.

20

21  Under California law, negligent infliction of emotional distress is not an independent tort,

22  but is the tort of negligence to which the traditional elements of negligence apply.  Friedman v.

23  Merck & Co., 107 Cal.App.4th 454, 463 (2003).  Therefore, a plaintiff must demonstrate duty,

24  breach, causation and harm.  Id.  As to duty, it is well-settled that there is no duty to avoid

25  negligently causing emotional distress to another; rather damages are recoverable only where the

26  defendant has breached some other duty.  Id. (citations omitted).

27        This cause of action therefore suffers from the same deficiencies as the negligence cause

28  of action.  Defendant has not alleged a duty owed by Plaintiff, and as discussed above, it is

1   unclear whether Defendant can do so.  In any event, Defendant will be given an opportunity to

2   amend.

3   D.      Amendment

4        Defendant will be granted the opportunity to amend his counterclaims to fix the above

5   deficiencies, if possible.  Defendant is informed that the Court cannot refer to a prior pleading in

6   order to make his amended counterclaims complete.  Local Rule 15-220 requires that an

7   amended complaint be complete in itself without reference to any prior pleading.  This is

8   because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v.

9   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.      Plaintiff's motion to dismiss the counterclaims is GRANTED WITH LEAVE TO

12                  AMEND; and

13          2.      Defendant may file amended counterclaims within thirty (30) days of the date of

14                  service of this order.  Defendant's amended counterclaims should be clearly titled,

15                  "Third Amended Counterclaim, "and shall refer to the case number assigned to

16                  this action.

17

18          IT IS SO ORDERED.

19      **Dated:   August 9, 2006**              **/s/ Dennis L. Beck**
        3b142a                             UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28