UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANLIN INDUSTRIES, INC., a California corporation, | ) ) ) | 1:05cv1317 DLB |
| | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING REQUEST FOR SANCTIONS |
| Plaintiff, | ) ) | |
| | ) | (Document 62 and 63) |
| v. | ) ) | |
| PAUL BURGESS, | ) ) ) | |
| | ) ) | |
| Defendant. | ) ) | |

Plaintiff Anlin Industries, Inc. ("Plaintiff") filed the instant motions to compel on August 20, 2006. The motions were heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on September 22, 2006. John G. Michael appeared on behalf of Plaintiff. Defendant Paul Burgess ("Defendant") appeared pro se.

## BACKGROUND

On October 19, 2005, Anlin Industries, Inc. ("Plaintiff") filed a complaint against Paul Burgess ("Defendant"), alleging the following causes of action: (1) violations of the Anticybersquatting Consumer Protection Act; (2) infringements of federally registered trademarks in violation of 15 U.S.C. § 1114(1); (3) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) trademark infringement under state common law; (5) trademark infringement under California law; and (6) unfair competition under state

1  common law.  These allegations are based on Defendant's registration and use of domain
2  name(s) alleged to be identical or confusingly similar to Plaintiff's federally registered and
3  unregistered trademarks and trade names.
4        Defendant filed his answer and counterclaim on January 12, 2006.  After the Court
5  granted Plaintiff's motion to strike portions of the answer and counterclaim, Defendant filed an
6  amended answer and counterclaim on May 19, 2006.  He filed his second amended answer and
7  counterclaim on June 6, 2006.  On August 9, 2006, the Court granted Plaintiff's motion to
8  dismiss the counterclaims with leave to amend.  Defendant filed his amended answer and
9  counterclaim on September 6, 2006.  Plaintiff filed a motion to dismiss the counterclaims on
10 September 19, 2006, and the motion is currently set for hearing on October 20, 2006.
11       On August 30, 2006, Plaintiff filed the instant motions to compel production of
12 documents and answers to interrogatories.  Plaintiff also requests attorneys' fees.

### DISCUSSION

A.    <u>Requests for Production of Documents</u>

    1.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Rule 34(a) allows parties to request documents and things within the scope of 26(b) and within the possession, custody or control of the party upon whom the request is served.  The response shall,

> "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."

Fed. R. Civ. Proc. 34(b).

2. Discussion

*Requests for Production Numbers 5, 6 and 7*

Request Numbers 5, 6 and 7 seek documents relating to Defendant's sales of, commissions from and income received through sales of Anlin windows either attributed to the web site(s) at issue or since April 27, 2001.

The information sought in each of these requests is relevant and therefore discoverable. As for Request Number 5, Defendant shall produce all documents regarding sales of Anlin Windows from April 27, 2001, to the present, as a result of customers visiting the web pages located at www.anlinwindows.com.

In response to Request Numbers 6 and 7, Defendant shall produce the information in his possession, such as copies of contracts and/or detailed payment or commission sheets from Brad Grenell.

*Request for Production Number 13*

This request seeks documents supporting Defendant's advice of counsel defense. At the hearing, however, Defendant indicated that he would not be relying on this defense. Defendant shall so state in his formal response.

*Request for Production Numbers 19, 21 and 23*

These requests seek documents relating to Defendant's commercial use of other web sites. In briefing for this motion and at the hearing, Defendant indicated that he has never used the web sites at issue in a commercial manner. Defendant shall so state in his formal responses.

*Request for Production Number 35*

This request seeks documents relating to the man hours Defendant alleges he spent developing the web sites at issue. In briefing and at the hearing, Defendant indicated that he was not aware of the existence of any responsive documents. Defendant shall so state in his formal response.

*Request for Production Numbers 40 and 41*

Request Numbers 40 and 41 seek documents relating to communication between Defendant and Plaintiff, and their attorneys. In objecting to the request, Defendant contends that

3

Plaintiff was in possession of files produced by his former attorney, Michelle Engnath. However, to ensure that Plaintiff has all responsive documents, Defendant shall produce copies of documentation in his possession.

*Request for Production Number 47*

This request seeks faxes referred to in Defendant's allegation that he can prove his counterclaims with faxes. Defendant shall produce responsive documents and is reminded that he cannot rely on evidence at trial that should have been, but was not, produced in response to a discovery request.

*Request for Production Number 48*

Request Number 48 seeks documents relating to Defendant's contention that Plaintiff destroyed his relationship with Better Quality Homes. To the extent Defendant has such documents, he shall produce them.

*Request for Production Numbers 52 and 53*

These requests seek Plaintiff's tax returns and any other documents relating to Plaintiff's income for the past five years. The Court recognizes Defendant's privacy concern. Therefore, to the extent responsive documents contain private information, Defendant shall produce **only** the portions of the tax returns and other documents that relate to his gross income.

*Request for Production Number 54*

Request Number 54 seeks documents that support Plaintiff's allegation of damages. Defendant is again reminded that he cannot introduce documents into evidence at trial that he failed to produce in discovery, and shall therefore produce responsive documents.

Plaintiff shall produce the supplemental responses and documents within fifteen (15) days of the date of service of this order.

B.  Interrogatories

1.  Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books,

1  documents, or other tangible things and the identity and location of persons having knowledge of
2  any discoverable matter."
3      2.    Discussion
4      Plaintiff's first set of interrogatories contained a typographical error regarding the
5  definition of "complaint."  Defendant refused to answer the interrogatories until a corrected
6  version was reserved.  At the hearing, Plaintiff indicated that a corrected version was served and
7  although responses were due on September 21, 2006, Defendant has not yet provided responses.
8  Defendant explained that the corrected version was not signed and that he was waiting for
9  reservice of signed version.
10      At the hearing, the Court explained that Defendant was lengthening the discovery period
11  by objecting to technical issues.  Accordingly, Defendant has agreed to respond to the reserved
12  interrogatories with thirty (30) days of the date of service of this order.
13  C.   <u>Attorneys' Fees</u>
14      In both motions, Plaintiff requests attorneys' fees pursuant to Federal of Civil Procedure
15  Rule 37(a).  However, given Defendant's pro se status and the fact that his objections were
16  arguably not unjustified, the Court denies Plaintiff's request.

17                           **ORDER**
18      Accordingly, IT IS HEREBY ORDERED that:
19      1.    Plaintiff's motion to compel production of documents is GRANTED.  Defendant
20           shall serve responses and documentation within fifteen (15) days of the date of
21           service of this order;
22      2.    Plaintiff's motion to compel responses to interrogatories is GRANTED.
23           Defendant shall serve responses within thirty (30) days of the date of service of
24           this order; and
25      3.    Plaintiff's request for sanctions is DENIED.
26      IT IS SO ORDERED.
27      **Dated:   September 25, 2006**                    **/s/ Dennis L. Beck**
        3b142a                                  UNITED STATES MAGISTRATE JUDGE
28