# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANLIN INDUSTRIES, INC., a California corporation, <br><br>                    Plaintiff, <br><br>     v. <br><br> PAUL BURGESS, <br><br>                    Defendant. | 1:05cv1317 DLB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AFFIRMATIVE DEFENSES AND COUNTERCLAIMS <br>(Document 65) <br><br> ORDER GRANTING DEFENDANT LEAVE TO AMEND AS PROVIDED IN THIS ORDER |

On September 19, 2006, Plaintiff Anlin Industries, Inc. ("Plaintiff") filed the instant motion to dismiss the affirmative defenses and counterclaims filed by Defendant Paul Burgess ("Defendant"). The matter was heard on October 27, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. John G. Michael appeared on behalf of Plaintiff. Defendant is appearing pro se and appeared on his own behalf.

## **BACKGROUND**

On October 19, 2005, Plaintiff filed a complaint against Defendant alleging the following: (1) violations of the Anticybersquatting Consumer Protection Act; (2) infringements of federally registered trademarks in violation of 15 U.S.C. § 1114(1); (3) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) trademark infringement under state common law; (5) trademark infringement under California law; and (6) unfair

competition under state common law. These allegations are based on Defendant's registration and use of domain names alleged to be identical or confusingly similar to Plaintiff's federally registered and unregistered trademarks and trade names.

Defendant filed his answer and counterclaim on January 12, 2006. After the Court granted Plaintiff's motion to strike portions of the answer and counterclaim, Defendant filed an amended answer and counterclaim on May 19, 2006. On August 9, 2006, the Court granted Plaintiff's motion to dismiss the counterclaims with leave to amend.

Defendant filed his third amended answer and counterclaims on September 6, 2006. He sets forth the following affirmative defenses: (1) statute of limitations; (2) laches; (3) consent; (4) "failure to do equity;" (5) unclean hands; and (6) comparative fault. In his counterclaims, Defendant alleges (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) tortious interference with contract; (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; (7) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, et seq.; and (8) breach of contract/third party beneficiary. Defendant requests all income lost since August 2005, $18,412,668.00 for lost future income, punitive damages and costs.

Plaintiff filed the instant motion to dismiss the affirmative defenses and counterclaims on September 19, 2006, and requests that all affirmative defenses and counterclaims be dismissed without leave to amend. Defendant opposed the motion on October 11, 2006. Plaintiff filed its reply on October 18. 2006.

**FACTUAL ALLEGATIONS FOR COUNTERCLAIMS**

Defendant alleges that Plaintiff Anlin Industries, Inc. was created in 1990. Plaintiff signed a licensing agreement to manufacture a brand of windows in 1990. From 1990 through 2001, Plaintiff did not market its windows under the "Anlin Windows" brand and sold its windows only through authorized distributors. On April 2, 2001, after the licensing agreement expired, Plaintiff began selling the "Anlin Windows" brand of windows to distributors who were purchasing windows from Plaintiff prior to April 2, 2001.

1  Defendant alleges that he began selling windows that Plaintiff manufactured in
2  September 1999, pursuant to the 1990 licensing agreement.  On April 27, 2001, when Plaintiff
3  was not the owner of any trademarks in "Anlin Windows" and the name was not famous,
4  distinctive or well known, Defendant registered the domain name www.anlinwindows.com.
5  Plaintiff registered the domain name www.anlin.com in March 1998.

6  Defendant also alleges that in 2003, Plaintiff's Vice President, Eric Vidmar, contacted
7  Defendant and questioned him about his use of www.anlinwindows.com.  Mr. Vidmar consented
8  to Defendant's continued use of the site and wished Defendant continued success.

9  Defendant further alleges that he entered into a contract with Grenell, Inc., DBA Better
10 Quality Homes, that authorized Defendant to place Better Quality Homes' business information
11 on www.anlinwindows.com.  Through this agreement, Defendant would sell Plaintiff's windows
12 through leads generated by his website, and Better Quality Homes would order the windows
13 through Plaintiff and pay for them.  Better Quality Homes' 2005 distributor contract with
14 Plaintiff did not prohibit using Plaintiff's trademark "Anlin windows" in website advertising or
15 in a domain name.

16 In 2005, Plaintiff contacted Brad Grenell, owner of Grenell, Inc., and questioned him
17 about www.anlinwindows.com.  Plaintiff demanded, more than once, that Mr. Grenell remove
18 Better Quality Homes' business information from www.anlinwindows.com, and stop taking
19 referrals from the site.  Also in 2005, Plaintiff demanded that Defendant transfer ownership of
20 www.anlinwindows.com to it and threatened that if he did not do so, he would not be able to sell
21 Plaintiff's windows.

22 In the summer of 2005, Defendant called Plaintiff's Vice President to discuss the website.
23 He told Defendant that in 2003, he didn't care about Defendant's use of the site, but the growth
24 in e-commerce and the internet caused him to change his mind.

## DISCUSSION

A.  LEGAL STANDARD

27 Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may
28 be granted if the cause of action lacks a cognizable legal theory or there is an absence of

sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), Parks School of Business, Inc. v. Symington, 51 F.3d 1480 1484 (9th Cir. 1995). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

B.      AFFIRMATIVE DEFENSES

     1.      First Affirmative Defense- Statue of Limitations

     In his first affirmative defense, Defendant alleges that Plaintiff's claims are barred by the four year statute of limitations set forth in California Business and Professions Code section 17200. Defendant alleges that the claim arose on April 27, 2001, yet Plaintiff's complaint was not filed until October 20, 2005.

     A statute of limitations defense, however, is inapplicable to Plaintiff's claims. Under the continuing violations doctrine, a claim is timely where there are multiple, continuing violations of the statute so long as one of the violations occurred during the limitations period. See eg., In Hyuk Suh v. Choon Sik Yang, 987 F.Supp. 783, 795 (N.D.Cal. 1997). Here, Plaintiff's complaint alleges that Defendant's violations began on April 27, 2001, when he first registered www.anlinwindows.com, and continued up to the filing of the complaint on October 19, 2005. Complaint, at ¶¶ 15, 22. Accordingly, the doctrine of continuing violations applies and Plaintiff's complaint is timely.

     Plaintiff's motion to dismiss the first affirmative defense is GRANTED WITHOUT LEAVE TO AMEND.

2.      Second Affirmative Defense - Laches

As his second affirmative defense, Defendant sets forth the doctrine of laches. To state the defense of laches, Defendant must allege that (1) Plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time that it knew or reasonably should have known of its claim against Defendant; and (2) the delay operated to the prejudice or injury of Defendant. Hyuk Suh, 987 F.Supp. at 794.

Here, Defendant alleges that Plaintiff is barred from recovery because of "undue delay in giving notice to Defendant of the matters alleged in the complaint and in commencing this litigation." Answer, at 13. Defendant does not allege the second element- that he was prejudiced or injured by this delay. Indeed, even assuming that there was a delay on Plaintiff's part, the delay likely worked to Defendant's advantage because it allowed him to continue selling windows through www.anlinwindow.com.

Defendant's laches defense also fails as a matter of law. The Ninth Circuit has explained:

> Laches, an equitable defense, is distinct from the statute of limitations, a creature of law. E.g., Jackson, 25 F.3d at 888. Statutes of limitation generally are limited to actions at law and therefore inapplicable to equitable causes of action. [citations omitted] Laches serves as the counterpart to the statute of limitations, barring untimely equitable causes of action. E.g., Jackson, 25 F.3d at 888. While laches and the statute of limitations are distinct defenses, a laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable. E.g., Shouse v. Pierce County, 559 F.2d 1142, 1147 (9th Cir.1977) ( "It is extremely rare for laches to be effectively invoked when a plaintiff has filed his action before limitations in an analogous action at law has run.").

Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835-836 (9th Cir. 2002).

As explained above, Plaintiff's action was filed within all applicable statutes of limitation pursuant to the continuing violations doctrine. Therefore, Defendant's laches defense is inapplicable and Plaintiff's motion to dismiss the second affirmative defense is GRANTED WITHOUT LEAVE TO AMEND.

3.      Third Affirmative Defense- Consent

In his third affirmative defense, Defendant alleges that Plaintiff's action is barred because Plaintiff consented to and approved all of the acts and omissions at issue. Although titled "Consent," this affirmative defense is an estoppel defense.

1    To state an estoppel defense, Defendant must plead that "(1) the party to be estopped
2 knows the facts, (2) he or she intends that his or her conduct will be acted on, or must so act that
3 the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel
4 must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's
5 conduct." Lehman v. U.S., 154 F.3d 1010, 1016 (9th Cir. 1998) (citation omitted).

6    Based on his factual allegations, it appears that Defendant is attempting to allege that
7 Plaintiff consented to his use of www.anlinwindows.com and cannot now complain about that
8 use. To sufficiently plead an estoppel defense, however, Defendant must allege that in reliance
9 on Plaintiff's representation, Defendant took a position that was detrimental. Defendant has not
10 alleged that he was harmed by Plaintiff's initial "consent."

11    Plaintiff's motion to dismiss the third affirmative defense is GRANTED WITH LEAVE
12 TO AMEND to allow Defendant to plead an estoppel claim.

13    4.    Fourth Affirmative Defense- Failure to do Equity
14    Defendant's fourth affirmative defense states "No relief may be obtained under the
15 complaint by reason of the plaintiff's failure to do equity in the matters alleged in the complaint."
16 Answer, at 13.

17    Affirmative defenses are governed by the same pleading standard as complaints. Federal
18 Rule of Civil Procedure 8(b) provides, "[a] party shall state in short and plain terms the party's
19 defenses to each claim asserted..." Like complaints, affirmative defenses must be pled with
20 enough specificity or factual particularity to give a plaintiff "fair notice" of the defense being
21 advanced. Woodfield v. Bowman, 193 F.3d 354, 362 (5th 1999); Wyshak v. City Nat. Bank, 607
22 F.2d 824, 827 (9th Cir. 1979).

23    Defendant has failed to satisfy the pleading requirements of Rule 8(b). There is no
24 statement of the facts underlying this defense, although it appears that this defense is another
25 attempt to state an estoppel defense.

26    Plaintiff's motion to dismiss the fourth affirmative defense is therefore GRANTED
27 WITHOUT LEAVE TO AMEND insofar as Defendant alleges "failure to do equity." Defendant
28

has been granted leave to amend to attempt to state an estoppel defense, and may incorporate any relevant facts into his estoppel amendment.

5.      Fifth Affirmative Defense- Unclean Hands

For his fifth affirmative defense, Defendant states that "As a result of the acts and omissions in the matters relevant to this complaint, plaintiff has unclean hands and is therefore barred from asserting any claims against the defendant."

The unclean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945), Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir.2002). To establish unclean hands, a defendant must demonstrate (1) inequitable conduct by the plaintiff; (2) that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) that plaintiff's conduct injured the defendant. Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir.1987) (to establish unclean hands, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims."); Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1313 (9th Cir.1997).

Here, Defendant's general and conclusory allegation fails to identify any conduct upon which the defense is based and fails to set forth the elements of the defense. The allegations therefore do not put Plaintiff on fair notice of the grounds upon which the defense is based. See Sun Microsystems, Inc. v. Datram Corp., 1997 WL 50272, *4 (N.D.Cal.1997) (finding that defendant has provided plaintiff with "fair notice" by sufficiently setting forth the elements of the estoppel defense).

In any event, this affirmative defense is basically another estoppel claim. Plaintiff's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the unclean hands defense. To the extent Defendant wishes to state an estoppel claim, he can do so in the estoppel amendment.

///

///

7

1         6.      Sixth Affirmative Defense- Comparative Fault

2         For his sixth affirmative defense, Defendant alleges that Plaintiff consented to and
3  approved all events about which it complains, and cannot now argue that it has been wronged by
4  those events.  Although titled "Comparative Fault," this affirmative defense is really another
5  attempt to state an estoppel defense based on Plaintiff's alleged consent to the use of
6  www.anlinwindows.com.  This defense fails for the same reasons as the defense entitled,
7  "Consent."  To the extent that Defendant is attempting to state a true comparative fault defense,
8  he is advised that the defense only applies to tort actions and thus would be inapplicable to the
9  instant action.

10        Accordingly, Plaintiff's motion to dismiss the sixth affirmative defense is GRANTED
11 WITHOUT LEAVE TO AMEND.  To the extent Defendant wishes to pled an estoppel defense,
12 he may do so in his estoppel amendment.

13                    Summary of Motion to Dismiss Affirmative Defenses

14        Plaintiff's motion to dismiss the statute of limitations defense and the laches defense is
15 GRANTED WITHOUT LEAVE TO AMEND.  Plaintiff's motion to dismiss the consent defense
16 is GRANTED WITH LEAVE TO AMEND to allow Defendant to attempt to state an estoppel
17 defense.  The motion to dismiss the failure to do equity defense and the unclean hands defense is
18 GRANTED WITHOUT LEAVE TO AMEND.  However, to the extent Defendant wishes to
19 incorporate any relevant facts into his estoppel amendment, he may do so.  Similarly, Plaintiff's
20 motion to dismiss the comparative fault defense is GRANTED WITHOUT LEAVE TO
21 AMEND.  Defendant may incorporate any relevant facts into his estoppel amendment.

22        Therefore, pursuant to this order, Defendant is GRANTED LEAVE TO AMEND to
23 attempt to state an estoppel defense.

24 C.     COUNTERCLAIMS

25        1.      Breach of Implied Contract

26        In Defendant's first counterclaim, he alleges that from 2003 to 2005, he had an implied
27 contract existed with Plaintiff based on Plaintiff's "conduct that they consented to the Defendant
28 providing a free estimate to homeowner(s) who requested one from www.anlinwindows.com"

and "conduct that they consented to the Defendant working with an authorized Anlin Industries, Inc., distributor regarding www.anlinwindows.com." Answer, at 21. Defendant alleges that he performed this contract by providing free estimates and working with an authorized dealer, but that Plaintiff changed their conduct, removed their consent and breached the contract in 2005. As a result of this breach, Defendant alleges that he suffered past, present and future damages.

There are two fatal flaws in Defendant's counterclaim.

The first deficiency is the lack of consideration. The elements for a cause of action based on contract, whether express or implied, include mutual assent and consideration. Division of Labor Law Enforcement v. Transpacific Transportation Co., 69 Cal.App.3d 268, 275 (1977). In basic terms, consideration is the reason which moves the contracting party to enter into the contract, i.e., something of value that is given in exchange for getting something from another person. It is a basic, necessary element for the existence of a valid contract.

Here, Defendant fails to allege consideration for the alleged implied contract allowing him to use www.anlinwindows.com. He doesn't allege that there was any consideration that passed in exchange for allowing him to continue to use Plaintiff's name in his website. Defendant seems to argue that consideration existed based on his use of the website to provide estimates and sell windows, and Plaintiff's acceptance of these window orders. However, the alleged contract at issue does not involve Defendant's ability to sell windows, an ability which he still has, but rather involves Defendant's ability to use www.anlinwindows.com. Defendant has not alleged that Plaintiff gave anything in consideration for Defendant's use of the website, and unless there are significant facts that have remained undisclosed during Defendant's many attempts to amend, he cannot allege such consideration.

Second, even if Defendant could allege the existence of a valid contract, he cannot overcome the fact that the agreement would have been terminable at will, meaning that either party can terminate at any time. Under California law, agreements of non-specified duration are terminable at the will of either party. Rano v. Sipa Press, Inc., 987 F.2d 580, 585 (9th Cir. 1993); Zimco Restaurants, Inc. v. Bartenders and Culinary Workers' Union, 165 Cal.App.2d 235, 240 (1958). Defendant argues that the contract duration was subject to him maintaining a valid

registration for the domain name www.anlinwindows.com, and Plaintiff continuing to operate in business.  Even if a contract existed, however, his theory imposes a term on the parties that they did not bargain for and ignores California law.  Again, unless facts exist that the Court is unaware of, Defendant cannot remedy this deficiency.

Accordingly, for the reasons above, Plaintiff's motion to dismiss is GRANTED and Defendant's counterclaim for breach of an implied contract is DISMISSED WITHOUT LEAVE TO AMEND.

        2.       Breach of Implied Convenant of Good Faith and Fair Dealing

In his second counterclaim, Defendant alleges that Plaintiff breached the implied covenant of good faith and fair dealing by breaching the alleged implied contract between them.

While the law implies in every contract a covenant of good faith and fair dealing, there is no such duty where there is no contract.  Seaman's Direct Buying Service, Inc. v. Standard Oil Co., 36 Cal.3d 752, 768 (1984).  As explained above, the Court has determined that Defendant cannot state a claim for breach of an implied contract between him and Plaintiff.  Therefore, as there is no contract that would give rise to the implied covenant of good faith and fair dealing, Defendant is unable to state such a claim.  Nor has Defendant alleged a fiduciary relationship or other relationship that would give rise to the implied covenant of good faith and fair dealing.

Plaintiff's motion to dismiss the second counterclaims is GRANTED and Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing is DISMISSED WITHOUT LEAVE TO AMEND.

        3.       Negligence

In his third counterclaim, Plaintiff attempts to state a cause of action for negligence.  He simply alleges that Plaintiff owed him a legal duty "to use due care from a contract that existed between" them, that Plaintiff breached that duty, and that as a result, Defendant suffered harm.

As this Court has already explained to Defendant, a cause of action for negligence requires (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached this duty; (3) proximate cause; and (4) harm.  County of Santa Clara v. Atlantic Richfield Co.,

1  137 Cal.App.4th 292, 318 (2006); Management Activities, Inc. v. U.S., 21 F.Supp.2d 1157, 1174
2  (C.D. Cal. 1998).
3        In his attempt to amend to allege these elements, Defendant conclusorily alleges that
4  Plaintiff owed him a duty arising from the alleged contract between them.  However, there was
5  no contract between the parties giving rise to *any* duty.  Since there is no recognized duty,
6  Defendant cannot state a claim for negligence.
7        Defendant has already been given an opportunity to remedy this deficiency.  Therefore,
8  Plaintiff's motion to dismiss is GRANTED and Defendant's third counterclaim is DISMISSED
9  WITHOUT LEAVE TO AMEND.
10       4.      Tortious Interference with Contract
11       For his fourth counterclaim, Defendant focuses on a different alleged contract- one
12 between Defendant and Grenell Inc., DBA Better Quality Homes ("Grenell, Inc.").  He alleges
13 that he had an oral contract with Grenell, Inc., and that Plaintiff knew of this contract and
14 intended to induce its breach.  He alleges that Plaintiff was in contact with Grenell, Inc., and
15 inquired as to how many windows Defendant was selling through www.anlinwindows.com.  As a
16 result of this "unjustified conduct," Defendant alleges that he suffered injury.
17       To state a cause of action for intentional interference with contractual relations under
18 California law, Defendant must establish that: (1) it has a valid and existing contract with a third
19 party; (2) Plaintiff had knowledge of the contract; (3) Plaintiff committed an intentional act
20 designed to induce a breach or disrupt the contractual relationship; (4) actual breach or disruption
21 of the contract relationship occurred; and (5) damages were suffered as a result.
22 Sebastian Int'l, Inc. v. Rusolillo, 162 F.Supp.2d 1198, 1203 (C.D.Cal.2001) (citing Quelimane
23 Co. v. Stewart Title Guar. Co., 19 Cal.4th 26, 55 (1998).  "[W]rongfulness independent of the
24 inducement to breach the contract is not an element of the tort of intentional interference with
25 existing contractual relations." Quelimane, 19 Cal.4th at 55-56; Coastal Abstract Service, Inc. v.
26 First American Title Ins. Co., 173 F.3d 725, 733 (9th Cir. 1999).
27       Assuming the existence of a valid oral contract between Defendant and Grenell Inc.,
28 Defendant appears to misunderstand the nature of the contract.  The contract allowed Defendant

1  to sell Anlin windows through Grenell, Inc., by any means, and not solely through the website
2  www.anlinwindows.com.  In other words, Defendant's use of the website had nothing to do with
3  any contract between him and Grenell, Inc., and the contract certainly wasn't conditioned on
4  Defendant's use of the site.  In fact, Defendant can continue to sell windows through Grenell,
5  Inc. by any means other than use of www.anlinwindows.com.  Defendant has therefore failed to
6  allege an actual breach or disruption of the contract.  That Defendant can no longer use
7  www.anlinwindows.com to sell windows does not breach, or even disrupt, his contract with
8  Grenell, Inc.
9       Defendant has already been given an opportunity to correct this deficiency.  Therefore,
10 Plaintiff's motion to dismiss is GRANTED and Defendant's fourth counterclaim is DISMISSED
11 WITHOUT LEAVE TO AMEND.
12       5.    Intentional Interference with Prospective Economic Advantage
13       In his fifth counterclaim, Defendant alleges that Plaintiff destroyed an economic
14 relationship that he and Grenell, Inc. had with www.anlinwindows.com.  He alleges that he
15 would have had a future economic benefit with Grenell, Inc. from www.anlinwindows.com.  He
16 further alleges that Plaintiff breached his contract with Grenell, Inc., engaged in wrongful
17 conduct, and was aware of the economic relationship.  He alleges that Plaintiff's actions were
18 "designed to breach the contract and file a frivolous lawsuit against the Defendant to obtain
19 ownership of www.anlinwindows.com."  Answer, at 24.  Defendant indicates that today, he can
20 only canvass to generate leads and sell Anlin windows through Grenell, Inc.
21       Intentional interference with prospective business advantage is a tort similar to tortious
22 interference with contract.  To prevail on a cause of action for intentional interference with
23 prospective economic advantage in California, a plaintiff must plead and prove (1) an economic
24 relationship between the plaintiff and some third party, with the probability of future economic
25 benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's
26 intentional acts designed to disrupt the relationship; (4) actual disruption of the relationship; and
27 (5) economic harm to the plaintiff proximately caused by the defendant's acts.  Reeves v. Hanlon,
28 33 Cal.4th 1140, 1152 n. 6 (2004).  Plaintiff must plead wrongful conduct beyond the fact of the

interference itself. <u>Penna v. Toyota Motor Sales, USA, Inc.</u>, 11 Cal.4th 376, 393 (1995) (plaintiff must plead and prove that the defendant's interference was wrongful "by some measure beyond the fact of the interference itself").

As explained above, Defendant's relationship with Grenell, Inc. was not conditioned on his use of www.anlinwindows.com,and therefore Plaintiff could not have interfered with the relationship by prohibiting Defendant from using the site. Indeed, Defendant is *currently* able to sell windows through Grenell, Inc., albeit not through the use of www.anlinwindows.com, which supports a finding that there has been no interference with his relationship with Grenell, Inc.

Additionally, even assuming that a relationship based on the site existed, Defendant has not alleged any wrongful act beyond the alleged act of the actual interference. In fact, a manufacturer has the unfettered right to determine with whom it will deal (absent antitrust considerations) regardless of the adverse effect that the decision may have on its dealers or independent contractors. <u>Ricchetti v. Meister Brau, Inc.</u>, 431 F.2d 1211, 1214 (9th Cir. 1970).

Defendant has already been given an opportunity to correct this deficiency. Therefore, Plaintiff's motion to dismiss is GRANTED and Defendant's fifth counterclaim is DISMISSED WITHOUT LEAVE TO AMEND.

6. Negligent Interference with Prospective Economic Advantage

For his sixth counterclaim, Defendant alleges that he has an existing business relationship with Grenell, Inc. and Anlin Industries. He alleges that Plaintiff owes him a duty of care, and that Plaintiff wrongfully interfered with this relationship. Defendant contends that as a result of this unjustified conduct, his business was damaged and he suffered substantial monetary damages.

As with the tort of negligence, the tort of negligent interference with prospective economic advantage arises only when the plaintiff owes the defendant a duty of care. <u>LiMandri v. Judkins</u>, 52 Cal.App.4th 326, 349 (1997). Where there is no duty, there is no such cause of action.

In his counterclaim, Defendant simply alleges that "Plaintiff owes a duty of care to the Defendant." Answer, at 24. However, as explained in the Court's analysis of the negligence

counterclaim, Plaintiff and Defendant are not in any type of relationship that would give rise to a duty of care.  Plaintiff and Defendant are not parties to a contract, nor is Defendant a direct wholesaler of Anlin windows.  In other words, Defendant and Plaintiff are not connected in a way that would require Plaintiff to use a duty of care in their interactions.  Defendant is therefore unable to state a cause of action for negligent interference with prospective economic advantage.

Plaintiff's motion to dismiss is GRANTED and Defendant's sixth counterclaim is DISMISSED WITHOUT LEAVE TO AMEND.

7. Unfair Competition under Cal. Bus. & Prof. Code § 17200, et seq.

For his seventh counterclaim, Defendant alleges that Plaintiff's unjustified actions (breach of contract, tortious interference with contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and negligence) damaged Defendant's business, created a loss, and caused Defendant to suffer damages.

The California Unfair Practices Act, Cal. Bus. & Prof. Code § 17200, et seq., prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Bus. & Prof.Code, § 17200; Klein v. Earth Elements, Inc., 59 Cal.App.4th 965, 968 (1997).  For the reasons explained above, however, each of the causes of action upon which Defendant bases his section 17200 claim are without merit.  Therefore, Defendant is unable to allege any unlawful, unfair or fraudulent business practice.

Plaintiff's motion to dismiss is GRANTED and Defendant's seventh counterclaim is DISMISSED WITHOUT LEAVE TO AMEND.

8. Breach of Contract/Third Party Beneficiary

For his eighth and final counterclaim, Defendant alleges that he was intended to benefit from the 2005 distributor contract between Plaintiff and Grenell, Inc.  Specifically, he contends that he was a member of the "class of persons" described in the contract and was therefore entitled to use Plaintiff's trademarks.  As a result of the alleged breach of contract, Defendant contends that he suffered harm.

1  California Civil Code section 1559 provides that a "contract made expressly for the
2  benefit of a third person" may be enforced by that person at any time before the parties rescind it.
3  To state a cause of action, Defendant must first establish his standing as a third-party beneficiary
4  under the distributor contract. Road Sprinkler Fitters Local Union No. 669 v. G & G Fire
5  Sprinklers, 102 Cal.App.4th 765, 775 n. 14 (2002).  An intent to benefit the third party must be
6  clearly manifested by the contracting parties; if the contract incidentally benefits a third party, but
7  is not expressly made for his benefit, he cannot recover. Southern California Gas Co. v. ABC
8  Const. Co., 204 Cal.App.2d 747, 750-751 (1962).

9  Here, Defendant claims that under the terms of the distributor contract, he was entitled to
10 use Plaintiff's trademark. Defendant does not, however, set forth any of the alleged terms of the
11 distributor contract, and wholly fails to allege that Plaintiff and Grenell, Inc. expressly intended
12 for Defendant to benefit from the contract in the manner in which he proposes. In fact, the
13 allegations of the complaint demonstrate that he cannot allege that the contract was made
14 expressly for his benefit. He specifically states that he was not directly named in the distributor
15 contract, but contends that he is within the "class of persons." Such a broad definition certainly
16 does not meet the strict requirement of section 1559 and interpreting case law.

17 Defendant has had numerous opportunities to amend his counterclaims to sufficiently
18 state a cause of action. He has failed to do so. Accordingly, Plaintiff's motion to dismiss is
19 GRANTED and Defendant's eighth counterclaim is DISMISSED WITHOUT LEAVE TO
20 AMEND.

21                                                ORDER
22  1. Plaintiff's motion to dismiss Defendant's affirmative defenses is GRANTED.
23      Defendant is GRANTED LEAVE TO AMEND to state an estoppel defense; and
24  2. Plaintiff's motion to dismiss Defendant's counterclaims is GRANTED
25      WITHOUT LEAVE TO AMEND.
26  IT IS SO ORDERED.
27  Dated:   **November 8, 2006**              /s/ **Dennis L. Beck**
   3b142a                                     UNITED STATES MAGISTRATE JUDGE
28