# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANLIN INDUSTRIES, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> PAUL BURGESS, <br><br> Defendant. | 1:05cv1317 DLB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS <br> (Document 176) <br><br> ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED OBJECTION AS MOOT <br> (Document 182) <br><br> ORDER VACATING DATES |

On July 17, 2009, Plaintiff Anlin Industries, Inc., ("Plaintiff") filed a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit defines plain legal prejudice as "just that-prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996).

Defendant Paul Burgess ("Defendant"), objected to the motion on July 23, 2009, insofar Plaintiff requests a dismissal *without* prejudice.

On July 27, 2009, Counsel for Plaintiff submitted a declaration in which he indicated that Plaintiff "does not oppose the court dismissing this case with or without prejudice."  Declaration of John G. Michael, ¶ 5.

1      Accordingly, in light of the fact that Plaintiff is willing to dismiss this action with prejudice, the Court GRANTS Plaintiff's motion to dismiss.  This action is DISMISSED WITH PREJUDICE.

       Defendant's motion for leave to amend his objections is DENIED AS MOOT.  It is unclear what amendments Defendant proposes to make, but he nonetheless admits that any legal research he could present on the issue is now moot given that Plaintiff has agreed to dismiss the action with prejudice.  Declaration of Paul Burgess, ¶ 5.  Insofar as Defendant believes that his due process rights were violated by this Court's reduction of his objection time, the Court shortened the time for objections to avoid continuance of the pretrial date of July 31, 2009, and the trial date of July 15, 2009.  In other words, the Court shortened the objection time to a straightforward motion to voluntarily dismiss to avoid further delaying trial in this action.  It is unfathomable that Defendant would continue to object to a *dismissal with prejudice*.  After the entry of this dismissal with prejudice, Defendant is the in the same position that he would have been in had he received a defense verdict at trial.  Defendant had no affirmative claims at issue.

       As this action is dismissed with prejudice, the hearing dates, pretrial conference date and trial dates are VACATED.

       IT IS SO ORDERED.

       Dated:   **July 28, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE